**Nathan AGAR and Christina Edith Agar, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 330, Docket 26549.**

United States Court of Appeals Second Circuit.

Argued May 4, 1961.

Decided May 16, 1961.

Jerome Kamerman, New York City (Leonard Eisenberg, New York City, on the brief), for petitioners.

John A. Bailey, Department of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Department of Justice, Washington, D. C., on the brief), for respondent.

Before LUMBARD, Chief Judge, MOORE, Circuit Judge, and STEEL, District Judge.*

PER CURIAM.

Petitioner, Nathan Agar, seeks review of the Tax Court's decision that payments made to him by McGregor-Doniger, Inc., after he had resigned as its treasurer should have been declared as income since the payments were not, as petitioner claimed, exempt from taxation as "damages received * * * on account of [personal] injuries." 26 U.S.C. § 22(b) (5) (1939 Code); 26 U.S.C. § 104(a) (2) (1954 Code). We affirm since the Tax Court's finding that the payments were made "as 'extra' compensation for services rendered by petitioner over his years of service to Doniger" was not clearly erroneous.

Agar, a certified public accountant, was retained as the company's accountant, and also performed the duties of a treasurer from 1938 until the latter part of 1950. He then was replaced as accountant and hired, at the age of 63 or 64, for a five-year term as treasurer; he also was made a director.

Despite this long association and the company's recent demonstration of its trust in him, Agar, soon after commencing his duties as treasurer, found that the company had lost confidence in him. This he claimed was exceedingly galling

---

* Sitting by designation.

to him and resulted in damage to his health as did the hectic and tense pace of the office. Accordingly, on February 13, 1952, Agar advised Harry Doniger, the company president, that he was resigning and that he intended to institute a damage suit against the company for injuries received as a result of abuse from company personnel. Told by Doniger to discuss the matter with Bernard Lang, the company's attorney, now deceased, Agar, after some negotiation, obtained $45,000 payable in three equal yearly installments, though Doniger had originally instructed Lang to "settle" for $10,000 or $30,000.

Attached to the joint return filed by Agar and his wife for each of the three years in which he received a $15,000 payment from the company was a note stating that the payment was tax exempt, since received "in settlement of a claim of libel."[1]

The commissioner's rejection of this position was upheld by the Tax Court on two grounds: first, that the payments were in the nature of severance pay or extra compensation and not in settlement of a possible tort action; second, that even if in settlement of a tort claim the gravamen of that claim was an injury to business reputation and thus the taxpayer could not rely on the statutory exemption of payments on account of "personal injuries." Since we affirm upon the first ground, we do not have to decide whether whatever tort claim Agar may have asserted was based upon damage to his personal as well as his business reputation, assuming that the dichotomy is realistic, and whether all payments or a portion of them would therefore be tax exempt. Cf. Note, Taxation of Damage Recoveries from Litigation, 40 Corn.L. Q. 345 (1955).

Though petitioner may have believed that the company paid him to avoid litigation, the Tax Court properly held that his belief was only evidence of the character of the payment; the ultimate inquiry is into the "basic reason" for the company's payment. Cf. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, at page 286, 80 S.Ct. 1190, 4 L.Ed.2d 1218; Jackson v. Commissioner, 25 T.C. 1106, 1110–1111; Bogardus v. Commissioner, 1937, 302 U.S. 34, 44–45, 58 S.Ct. 61, 82 L.Ed. 32 (dissenting opinion).

In reaching the conclusion that the company intended payments to be extra compensation, the Tax Court relied principally upon the testimony of President Doniger regarding his recollection of the purpose of the payments. He stated that:

> "He left his private practice. He joined our company * * * We felt we owed Mr. Agar something * * * I would say it is severance. I would say it was paying Mr. Agar for that year of unhappiness he had with us * * * and for the years that he worked with us, and we were saying good-bye."

Though it was unfortunate for plaintiff that attorney Lang, who had been most intimately associated with the payment, was unable to testify, the Tax Court was certainly justified in relying upon the recollection of Doniger particularly since the termination agreement between the parties did not clearly set forth the reason for the payments.

The decision of the Tax Court is affirmed.

---

1. Petitioner's claim was of course for slander rather than libel since any statements made by the company's employees were oral.