ELMER A. MADSON AND HAZIL M. MADSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Madson v. Commissioner
Docket No. 26275-83.
United States Tax Court
T.C. Memo 1985-3; 1985 Tax Ct. Memo LEXIS 629; 49 T.C.M. (CCH) 425; T.C.M. (RIA) 85003; January 2, 1985. *629 P-H, former police chief of Green Bay, Wisconsin, sued the City and won a judgment based on claims of denial of equal protection and breach of contract. During the appeal process, P-H and the City settled for $41,000. Relying on sec. 104(a)(2), I.R.C. of 1954, as amended, Ps did not report this amount on their return. Held, a genuine issue of material fact remains respecting the issue of whether the $41,000 settlement payment was in lieu of a tort or tort type right or intended as a payment for the contract breach. Accordingly, Ps' Motion for Summary Judgment is denied. Steven J. Madson, for the petitioners. Keith Aqui, for the respondent. CANTREL
*630 MEMORANDUM OPINION CANTREL, Special Trial Judge: This case was called from the calendar for the Motions Session of the Court at Washington, D.C. on October 17, 1984, for hearing, consideration and decision on petitioners' Motion for Summary Judgment pursuant to Rule 121, [1] filed on September 10, 1984. [2] Respondent made no written response to the motion, but counsel for both parties appeared and presented argument. Respondent, in his notice of deficiency issued to petitioners on June 16, 1983, determined a deficiency in petitioners' Federal income tax in the amount of $5,863 for the calendar year ending December 31, 1980. This deficiency determination was based on respondent's inclusion in petitioners' taxable income of a $41,000 payment to petitioner-husband by the City of Green Bay, Wisconsin. In the petition, which was timely filed on September 12, 1983, petitioners claimed that the $41,000 was not includible in income because it was in settlement of petitioner-husband's claims *631 against Green Bay after a State court had rendered judgment in his favor for $60,000. Petitioner-husband, Mr. Madson, police chief of Green Bay, Wisconsin, from 1961 until July 6, 1977 when he was forced to retire at age 60, sued the City for denying him equal protection of the law under the United States Constitution as made applicable to the states by the 14th Amendment. The alternative claim in his suit was that the City had also breached its contract with Mr. Madson to keep him as police chief until he reached age 65. After a trial on the merits the Wisconsin Circuit Court held that Green Bay had violated Mr. Madson's civil rights by retiring him early, and had broken its contract with him by failing to keep him as police chief until he was 65 years old. In deciding the amount of damages, the Court stated that the cardinal principle of damages was to compensate the plaintiff for injury caused by the defendant's breach of duty. The denial of equal protection in this case, the Court held, had the effect of terminating Mr. Madson's employment with Green Bay, and the damages to be awarded would be the pecuniary losses flowing from that employment termination. The *632 Court made an award of $60,000 based on its interpretation of evidence presented on Mr. Madson's lost earnings and retirement benefits in light of his particular circumstances. The City of Green Bay appealed the decision. During the appeal, Mr. Madson and Green Bay settled the case for $41,000. After executing the settlement agreement, petitioners received a check from Green Bay's insurer, which had a notation "Bodily Injury" on the top. The City's insurance covered only bodily injury and property damage. Petitioners claim the parties did not treat the payment as income from earnings because no amounts were withheld for social security, and Mr. Madson received no credit to the State retirement fund. Petitioners argue that the underlying claim of the suit was in tort and that the damages awarded were for personal injuries to Mr. Madson, whose constitutional rights had been violated. They also assert that he entered into the settlement with Green Bay to avoid public embarrassment and damage to his reputation. Finally, they claim that if a portion of the award was for lost income, this does not mean that the entire award should be taxed as ordinary income. At oral *633 argument, respondent argued that no personal injuries were involved in Mr. Madson's suit against the City. Rather, the award was based on a breach of contract arising from the denial of Mr. Madson's constitutional rights. Respondent asserts that a genuine issue of material fact exists with respect to the basic reason underlying the settlement agreement and petitioners have not produced the written agreement to show the basis for it. Granting a summary judgment motion is not favored. Normally, parties should have the opportunity for a full trial to allow the trier of fact to observe the parties and to weigh the evidence. Oakland Hills Country Club v. Commissioner,74 T.C. 35, 40 (1980); Home v. Commissioner,63 T.C. 18, 20 (1974); Smith v. Commissioner,T.C. Memo. 1983-706. Summary judgment will be granted under Rule 121 only if the pleadings, affidavits and other materials, if any, submitted to the Court show that no genuine issue of material fact exists and that a decision may be rendered as a matter of law. The burden of proof is on the moving party, and factual inferences will be read in a manner most favorable *634 to the party opposing summary judgment. Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). The opposing parties need not come forth with affidavits or other documentary evidence unless the moving party makes a prima facie showing of the absence of a factual issue. Abramo v. Commissioner,78 T.C. 154, 163-164 (1982); Shiosaki v. Commissioner,61 T.C. 861, 864 (1974). Petitioners rely on section 104 in claiming that the amount they received is excluded from their income. Section 104(a)(2), as in effect in 1980, excluded from gross income "the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness." [3]
Section 1.104-1(c), Income Tax Regs., defines the term "damages received (whether by suit or agreement)" as "an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." [4]
*635 The determination of whether a settlement payment is excluded from tax depends on the nature of the claim settled. For a summary judgment to be granted in their favor, petitioners must show that the nature of the claim which was the actual basis for the settlement was a tort or tort type right. See Seay v. Commissioner,58 T.C. 32, 37 (1972); Knuckles v. Commissioner,349 F.2d 610, 613 (10th Cir. 1965), affg. a Memorandum Opinion of this Court; Agar v. Commissioner,290 F.2d 283, 284 (2d Cir. 1961), affg. per curiam a Memorandum Opinion of this Court. [5] This determination is a factual one based on all the factors surrounding the actual payment. Seay v. Commissioner,supra;Knuckles v. Commissioner,supra.For the reasons set forth below, we hold that petitioners have not met their burden of proof and we deny their motion for summary judgment. *636 In Seay, the Court held that the taxpayer proved that a portion of a payment he had received was in settlement of a personal injury claim and excluded that amount from gross income. The taxpayer, president of a corporation, settled shortly after a suit had been instituted against a group of the board of directors which had terminated his employment. This, among other actions of the group, had caused unfavorable publicity and embarrassment of the taxpayer. In the settlement agreement and accompanying letters produced to the Court, the parties agreed that a certain amount of the payment was compensation for injury to the taxpayer's reputation. In the case at bar petitioner-husband won a judgment against Green Bay for denial of equal protection and for breach of contract. While the consequences of the underlying claims were his forced retirement and loss of income, we believe that a distinction should be made between these consequences and the underlying claims. The relevant inquiry is, "In lieu of what were the damages awarded?" Fono v. Commissioner,79 T.C. 680, 692 (1982); Raytheon Production Corp. v. Commissioner,144 F.2d 110, 113 (1st Cir. 1944), *637 affg. 1 T.C. 952 (1943). This Court and others have consistently held that amounts received in lieu of wages, salary or lost profits are includable in income. Church v. Commissioner,80 T.C. 1104, 1108 (1983). Where the thrust of the taxpayer's case involves the extent to which the injury has affected the taxpayer's income, then the award will be taxable as representing damages in the form of lost income. Church v. Commissioner,supra at 1108-1109. On the other hand, if the award is for mental and/or physical strain, personal embarrassment or other similar personal injuries, then the fact that the claim arises in connection with the taxpayer's employment will not make the award taxable. Church v. Commissioner,supra at 1109 and n. 5, citing Seay.
Petitioners have produced only the written judgment of the Wisconsin State court. They have not produced any pleadings, memoranda, briefs or trial testimony, or the written settlement agreement in order to elucidate their position. Without this evidence it is impossible for this Court to make the necessary factual determination. [6]
*638 An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise specified.↩
4. Sec. 1.104-1(c), Income Tax Regs.↩, was the same in 1980 as it is today.
5. See and compare, Roemer v. Commissioner,716 F.2d 693 (9th Cir. 1983), revg. 79 T.C. 398 (1982), where the Court held that damages received as a result of a defamation action were excluded from income since the defamation of an individual is a personal injury under California law. Commenting that a lump sum award for physical personal injury is not allocated between economic loss and personal aspects, the Court found that similarly no allocation should be made when the personal injury is nonphysical. Roemer v. Commissioner,supra↩ at 697. Here, we need not decide whether the Ninth Circuit was correct.
6. Respondent, in support of his position, relies upon the following cases: Coats v. Commissioner,T.C. Memo. 1977-407, affd. without published opinion 626 F.2d 865 (9th Cir. 1980); Whitehead v. Commissioner,T.C. Memo. 1980-508, affd. without published opinion (10th Cir. 1981); Evans v. Commissioner,T.C. Memo. 1980-142; Anderson v. Commissioner,T.C. Memo. 1979-309; Gunderson v. Commissioner,T.C. Memo. 1979-99↩. His reliance on these cases is misplaced. Suffice it to say they are inapposite to the matter we consider herein.