PAUL & SARA HENTZEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hentzel v. Commissioner
Docket No. 14220-89
United States Tax Court
T.C. Memo 1991-277; 1991 Tax Ct. Memo LEXIS 320; 61 T.C.M. (CCH) 2941; T.C.M. (RIA) 91277; June 19, 1991, Filed *320 An appropriate order and decision will be entered. Michael Patiky Miller, for the petitioners. Stephen R. Asmussen, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This matter is before the Court on petitioners' Motion for Award of Reasonable Litigation Costs pursuant to section 7430[1] and Rule 231, which we treat as a motion for administrative and litigation costs. Respondent determined a deficiency of $ 121,142 in petitioners' 1985 Federal income tax, together with additions to tax pursuant to sections 6661, 6653(a)(1), and 6653(a)(2) of $ 30,285, $ 6,057, and an amount to be determined, respectively. On July 10, 1990, the parties filed a Stipulation of Settled Issues in which respondent conceded that there was no deficiency for 1985 and no additions to tax. Also on July 10, *321 1990, petitioners filed their Motion for Award of Reasonable Litigation Costs. Respondent, pursuant to this Court's Order, filed Respondent's Objection and Response to Petitioners' Motion for Award of Reasonable Litigation Costs. On October 10, 1990, pursuant to this Court's Order, petitioners filed a Reply to Opposition to Award of Reasonable Attorney Fees. Neither party has requested a hearing, and this Court concludes a hearing is not necessary for the proper consideration and disposition of the motion. Rule 232(a)(3). At the time the petition in this case was filed, petitioners resided at 441 Nevada Avenue, Palo Alto, California. Prior to his termination in November 1979, Paul Hentzel (hereafter petitioner Paul) had been employed as a patent attorney for the Singer Company (hereafter Singer). Approximately six months after his termination petitioner Paul filed a civil complaint against Singer in the Superior Court of the State of California in and for the County of Santa Clara (hereafter Superior Court), alleging breach of contract and intentional infliction of emotional distress. Petitioner Paul amended this complaint twice. The first amended complaint was filed August *322 15, 1980, alleging breach of contract and tortious wrongful discharge. The Superior Court sustained Singer's demurrer to each of these causes of action and entered a judgment dismissing the case. On appeal, however, the Superior Court was reversed, and the case was remanded. As a result, petitioner Paul filed a second amended complaint on April 26, 1983, alleging six causes of action: Three involving breach of contract, two involving wrongful discharge, and one involving emotional distress. According to a settlement conference statement dated May 9, 1985, these six causes of action remained in dispute. On August 23, 1985, approximately three months after the settlement conference, Singer and petitioner Paul entered into a settlement stipulation which was orally entered into the Superior Court record. The transcripts of the settlement proceeding, which were provided to respondent during the audit process, indicated that Singer agreed to pay petitioner Paul $ 400,000 and that the payment was for emotional distress as alleged in the sixth cause of action in the second amended complaint. Subsequent to the $ 400,000 payment, Singer issued a Form 1099-MISC to petitioner Paul and *323 respondent. The Form 1099-MISC reported that the $ 400,000 paid by Singer was fully taxable. However, petitioners did not report any of the $ 400,000 [2] on their 1985 Federal income tax return. As a result, on March 24, 1989, respondent issued a notice of deficiency to petitioners. Petitioners filed their petition on June 19, 1989. Respondent filed an answer on August 8, 1989. On March 21, 1990, respondent sent a letter to Mr. William A. Quinby, Singer's defense attorney (hereafter Mr. Quinby). In the letter, respondent requested any information that was available concerning the characterization of the $ 400,000 settlement payment. Mr. Quinby did not respond to respondent's letter. On May 2, 1990, Mr. Quinby was subpoenaed on behalf of respondent. During the meeting that ensued, on May 9, 1990, Mr. Quinby stated that Singer's intent was to pay solely with respect to the *324 emotional distress cause of action. Mr. Quinby also stated that he had been unconcerned about the contract actions since it was his belief that petitioner Paul had failed to mitigate his damages in that petitioner Paul did not actively seek other employment subsequent to his termination. Finally, Mr. Quinby indicated that issuance of the Form 1099-MISC by Singer was a "screw-up." On May 10, 1990, respondent conceded the case. Section 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746 (applicable to proceedings commenced after November 10, 1988), provides that the prevailing party may be awarded a judgment for reasonable administrative costs incurred in connection with administrative proceedings within the Internal Revenue Service and reasonable litigation costs incurred in connection with the court proceeding. In general, any party in the proceeding is considered the prevailing party only if it is established that (1) the position of the United States in the proceeding was not substantially justified; (2) the party substantially prevailed with respect to the amount in controversy or with respect to the most significant *325 issue(s) presented; and (3) the party in question has a net worth not in excess of $ 2 million at the time the proceeding was commenced. Sec. 7430(c)(4)(A). However, a judgment for reasonable litigation costs will not be awarded unless the Court determines that the prevailing party had exhausted the administrative remedies available within the Internal Revenue Service prior to commencing an action in this Court. Sec. 7430(b)(1). Also, no litigation and administrative costs will be awarded with respect to any portion of the administrative or court proceeding during which the prevailing party unreasonably protracted such proceeding. Sec. 7430(b)(4). Respondent concedes that petitioners have substantially prevailed with respect to the amount in controversy. Respondent also concedes that petitioners exhausted the administrative remedies available. [3] Thus, the issues remaining are (1) whether respondent's position in the proceedings was not substantially justified; (2) whether petitioners had a net worth not exceeding $ 2 million at the time the petition was filed; and (3) if petitioners qualify as the prevailing party, whether the litigation and administrative costs claimed are *326 reasonable. Petitioners have the burden of proof. Rule 232(e). In order to determine whether or not respondent's position was substantially justified, we must determine when respondent's position was first established. This case was commenced on June 19, 1989, and, therefore, section 7430(c)(7)[4] *327 is applicable. Pursuant to section 7430(c)(7), the position of the United States is the position taken by respondent in the court proceeding (sec. 7430(c)(7)(A)) and the position taken in the administrative proceeding as of the earlier of (1) the date petitioners receive the notice of the decision of the Internal Revenue Service Office of Appeals, or (2) the date of the notice of deficiency (sec. 7430(c)(7)(B)). The applicable date herein is March 24, 1989, the date of the notice of deficiency. [5]
Petitioners argue that the settlement agreement explicitly characterizes the $ 400,000 payment as emotional distress damages. Characterized as such, the $ 400,000 payment would be nontaxable pursuant to section 104(a)(2). Therefore, given the explicit characterization in the settlement agreement, petitioners conclude respondent's contrary position, taken in his notice of deficiency and adhered to up until respondent's concession, was unreasonable. While we agree that the settlement agreement does characterize the $ 400,000 payment as emotional distress damages, we conclude respondent acted reasonably. [6]
*328 When dealing with damages received on account of personal injury pursuant to section 104(a)(2), the ultimate inquiry is into the basic reason for the payor's payment. Agar v. Commissioner, 290 F.2d 283, 284 (2d Cir. 1961), affg. T.C. Memo 1960-21. Typically, an arm's-length settlement agreement will be sufficient. However, when respondent receives conflicting evidence of the payor's intent, such as the issuance by Singer of a Form 1099-MISC, respondent does not act unreasonably by insisting upon an explanation to clear up the conflict. None of the cases cited by petitioners requires respondent to accept language in a settlement agreement notwithstanding the existence of contrary evidence. Petitioners argue that the Form 1099-MISC should have been viewed by respondent as a clerical error since, if taxable as lost compensation, the $ 400,000 correctly would be reported on a Form W-2. Moreover, petitioners argue that the settlement agreement, as set forth on the judicial record with all parties present together with the presiding judge, is more reliable evidence. We recognize that transcripts from a court proceeding may be more reliable than *329 receipt of a Form 1099-MISC. However, we find that the receipt of the Form 1099-MISC, taken together with petitioner Paul's complaint, amended complaints, and other information available to respondent, created sufficient doubt as to Singer's intent such that respondent was not unreasonable in further questioning the characterization of the $ 400,000 payment. Furthermore, petitioners misconstrue the burden of proof. Petitioners, not respondent, have the burden of establishing the nontaxability of the $ 400,000 payment. Based on the record, petitioners have not established respondent knew, prior to May 9, 1990, the reasons why Mr. Quinby was not concerned about the breach of contract causes of action. Nor have petitioners proven respondent knew, prior to May 9, 1990, that Singer's issuance of the Form 1099-MISC was a clerical error. These facts are important in that they help verify the payor's intent and clear up the conflicting evidence. Immediately after the discussions with Mr. Quinby on May 9, 1990, respondent conceded the case. Finally, we do sympathize with petitioners in that they were not responsible for the clerical error, but neither was respondent. Respondent is *330 charged with the difficult task of protecting the revenues. Faced with the conflicting evidence in this case, we conclude respondent was not unreasonable by insisting upon verification of the payor's intent with regard to the character of the $ 400,000 payment. Since petitioners have not proven that respondent's position was unreasonable, petitioners cannot qualify as a prevailing party as defined under section 7430(c)(4)(A). Therefore, we need not reach the issues (1) whether petitioners had a net worth not exceeding $ 2 million at the time the petition was filed, and (2) whether the litigation and administrative costs claimed are reasonable. An appropriate order and decision will be entered. Footnotes
1. Except as otherwise provided, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners used $ 100,000 of the $ 400,000 to pay attorney fees incurred during petitioner Paul's civil lawsuit filed against Singer.↩
3. Neither party addressed whether the proceedings were unreasonably protracted. We find that they were not.↩
4. Section 7430(c)(7)↩ applies to cases commencing after November 10, 1988. A case commences on the date the petition is filed.
5. The notice of deficiency was issued on March 24, 1989, but initially went out undated. Upon inquiry, petitioners were subsequently provided with a dated copy.↩
6. "Substantially justified" has been interpreted to mean reasonableness. Pierce v. Underwood, 487 U.S. 552, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988); Vanderpol v. Commissioner, 91 T.C. 367↩ (1988).