**John D. ELPI, Jr., Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civil No. 3:96CV00315 (AVC).**

United States District Court, D. Connecticut.

June 12, 1997.

---

John D. Elpi, Jr., Granby, CT, pro se.

William A. Collier, Asst. U.S. Atty., Hartford, CT, Philip J. Berkowitz, U.S. Dept. of Justice, Tax Div., Washington, DC, for Defendant.

### RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

COVELLO, District Judge.

This is an action seeking a refund of federal income taxes paid. It is brought pursuant to 28 U.S.C. § 1346(a). Specifically, the complaint alleges that a lump sum separation agreement payment should have been excluded from the plaintiff's 1994 taxable income pursuant to 26 U.S.C. § 104(a)(2). On March 3, 1997, the defendant filed the within motion for summary judgment. On March 4, 1997, the plaintiff responded by filing his own motion for summary judgment.

The issue presented is whether the payment received by the plaintiff from United Technologies (hereinafter "United") upon signing a separation and waiver of claims agreement constitutes a "severance" which is taxable income or "damages" for personal injury which is tax exempt.

For the reasons hereinafter set forth, the court concludes that the payment received by the plaintiff is a severance and therefore is not tax exempt.

Accordingly, the defendant's motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.

### FACTS

Examination of the complaint, affidavits, pleadings, exhibits, supplemental materials and the Rule 9 statements of material fact accompanying the motions for summary judgment, and the responses thereto disclose the following undisputed material facts. From May 1978 through November 9, 1994, Hamilton Standard, (hereinafter "Hamilton") a division of United, employed the plaintiff.

"The plaintiff, an 'at-will employee,' never entered into an employment contract with United."

In 1994, Hamilton terminated approximately 963 employees, including the plaintiff. Of the approximately 963 employees that were laid off, approximately 633 employees were salaried employees. The remaining 330 employees were hourly workers, employed under a collective bargaining agreement.

Each of the 633 terminated salaried employees were offered benefits pursuant to a "Separation Agreement & Release and Waiver of Claims" (hereinafter "Separation Agreement").

On November 9, 1994, the plaintiff's supervisor informed him that as of November 15, 1994, United would no longer need his services.

On November 15, 1994, United laid off the plaintiff. Mr. Rice, the plaintiff's supervisor, handed him a stack of documents, including the Separation Agreement. The plaintiff never threatened United with a lawsuit before the day he was terminated. The plaintiff did not look at the Separation Agreement at the time he was terminated.

The Separation Agreement that the plaintiff received was substantially complete; all of its terms were filled in, and only signatures were required to complete it.

On November 21, 1994, the plaintiff signed the Separation Agreement which United offered him.

Pursuant to the Separation Agreement, the plaintiff received a check (hereinafter the "payment") dated December 15, 1994. United characterized the payment as "severance" on the earnings statement attached to the check. United withheld federal income taxes from the payment (in the amount of $5,684.71), as well as Medicare taxes and Connecticut State Taxes. In all respects, United treated the payment as a taxable severance payment.

On March 1, 1995, the plaintiff electronically reported his 1994 income information on IRS Form 8453, "U.S. Individual Income Tax Declaration for Electronic Filing." The plaintiff reported the payment on Form 8453 as taxable income.

On April 10, 1995, the plaintiff claimed a refund of the federal income taxes withheld from the payment in the amount of $5,684 by filing a Form 1040x (Amended U.S. Individual Income Tax Return).

On October 6, 1996, Cecile Potvin, Chief BMF/IMF Section, ADJ Branch of the IRS, sent a letter to the plaintiff stating that the IRS could not process his refund claim of $5,684 because they viewed the money as tax withheld from a severance payment.

On February 26, 1996, the plaintiff filed the instant lawsuit.

### STANDARD

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Rule 56(c) "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Liberty Lobby*, 477 U.S. at 247–48, 106 S.Ct. at 2510 (emphasis in original). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims ... [and] it should be interpreted in a way that allows it to accomplish this purpose." *Celotex v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

When the issue in a case is an employer's intent, summary judgment should be used sparingly. *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985). Nevertheless, a plaintiff must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Liberty Lobby*, 477 U.S. at 256, 106 S.Ct. at 2514.

### DISCUSSION

The defendant argues that the payment is includable as income and therefore taxable. Specifically, the defendant argues that the payment received by the plaintiff is not covered by the exception in 26 U.S.C. § 104(a)(2).[1]

The plaintiff responds that the payment he received is to be excluded from income pursuant to 26 U.S.C. § 104(a)(2). Specifically, the plaintiff responds that United offered the Separation Agreement in exchange for a waiver of all claims that he may have against the company. "Since United was responsible for the plaintiff's injury through the unjust action of its supervision and Director motivated by animosity towards the plaintiff, the Separation Agreement became United's in-

---

1. "In general ... gross income does not include—
    (2) "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness."
    26 U.S.C. § 104(a)(2).

strument for Settlement of Damages for that injury . . . ."

## I. Applicable Law

■ 26 U.S.C. § 61(a) states that except as otherwise provided "gross income means all income from whatever source derived." 26 U.S.C. § 61(a); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955). In *Taggi v. United States* 35 F.3d 93 (2d Cir.1994), the court found that "while it is well-established that section 61(a) is to be broadly construed, it is equally well-established that exclusions from income are to be narrowly construed." *Id.* at 94; *see Commissioner v. Jacobson*, 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1949); *United States v. Centennial Savings Bank FSB*, 499 U.S. 573, 583–84, 111 S.Ct. 1512, 1518–19, 113 L.Ed.2d 608 (1991). "A taxpayer claiming an exclusion from income bears the burden of proving that his claim falls within an exclusionary provision of the Code." *Taggi v. United States*, 35 F.3d 93, 96 (2d Cir.1994).

In *Commissioner v. Schleier*, 515 U.S. 323, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995), the court concluded that in order to exclude a settlement or a recovery, a taxpayer must demonstrate:

(1) that the underlying cause of action giving rise to the settlement or recovery is based upon tort or tort-type rights; and (2) that the damages were received on account of personal injuries or sickness.[2]

*Commissioner v. Schleier*, 515 U.S. 323, 336–37, 115 S.Ct. 2159, 2167, 132 L.Ed.2d 294.

■ "Where the issue is an asserted exclusion from taxable income, it is imperative

that a 'settlement agreement' involve a bona fide dispute." *Taggi v. United States*, 35 F.3d 93, 95 (2d Cir.1994). This prevents the use of a contrived "settlement designed to avoid taxation of the proceeds." *Id.* (citing *Knuckles v. Commissioner*, 349 F.2d 610, 613 (10th Cir.1965)).

## II. Claim for Personal Injury and Settlement

■ The defendant further argues that the plaintiff did not communicate to United a claim for damages for personal injury of a tort nature before his termination.

The plaintiff responds by citing events of personal injury to his character and reputation which consists of poor performance evaluations and animosity toward the plaintiff by his managers.

The court concludes that the plaintiff has not shown that the underlying cause of action that gave rise to the payment was "based upon tort or tort-type rights." First, the plaintiff has failed to produce any evidence that he suffered a personal injury tortuously caused by United. Although the plaintiff submits various past performance evaluations and letters expressing his dissatisfaction with those evaluations, he fails to show any connection between those evaluations and the lump sum payment at issue here.

The plaintiff relies upon the reference to "torts" in the Separation Agreement as proof that a tort was alleged and has occurred.[3] But, the reference to tort claims in a standard release form cannot serve as the basis for arguing that a tort occurred.

---

**2.** The Treasury Regulations § 1.104–1(c) provides:

(c) **Damages received on account of personal injuries or sickness.** Section 104(a)(2) excludes from gross income the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness. The term "damages received (whether by suit or agreement)" means an amount received (other than workmen's compensation) through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution. 26 C.F.R. § 1.104–1(c).

**3. III. Complete Release and Waiver of Claims**

In consideration for these special benefits . . . the Employee agrees as follows:

(a) The Employee hereby waives, releases, discharges and covenants not to sue United . . . on any and all claims or causes of action, known or unknown, related to his/her employment and/or termination of that employment . . . with respect to any violations, asserted or unasserted, of any federal [or] state . . . law . . . or any right grounded in common law, tort, contract or public policy and/or resulting at any time from the continued effects of any such alleged violations. Separation Agreement p. 2.

The defendant next argues that the plaintiff did not attempt a bona fide negotiation for a settlement by way of damages.

The plaintiff responds that he has documented attempts to negotiate the terms of the Separation Agreement when it was offered on November 9, 1994.

The record before the court shows only that the plaintiff attempted to negotiate the date of his termination, not the terms of any settlement for an injury. In addition, the plaintiff has not provided any evidence showing that the Separation Agreement was unique to his alleged tort claims.

The defendant further argues that the negotiation of the Settlement Agreement was not entered into with the intent to settle a dispute for an injury. The plaintiff responds that United knew of his injury and that the damages offered and received in the Settlement Agreement were for the specific tort injury to the plaintiff's character and reputation.

There is no evidence tending to prove that United was aware that the plaintiff was thinking of pursuing a legal claim against the company for any type of injury. Prior to the execution of the Settlement Agreement, there is no evidence that the plaintiff made any claim against United that was tort-based. Although the plaintiff may have believed that United paid him to avoid imminent and pending litigation, his belief is not supported by the evidence.

"[T]he ultimate inquiry is into the 'basic reason' for the company's payment." *Agar v. Commissioner of Internal Revenue*, 290 F.2d 283, 283 (2d Cir.1961) (citing *Commissioner of Internal Revenue v. Duberstein*, 363 U.S. 278, 286, 80 S.Ct. 1190, 1197, 4 L.Ed.2d 1218 (1960)). In the Separation Agreement, United characterized the payment "to assist ... with expenses incidental to ... separation [from the company] ..."

In the Separation Agreement itself, United treated the payment as a taxable severance payment by stating that it would withhold payroll taxes. Additionally, the fact that the same Settlement Agreement package was offered to 633 other terminated employees casts doubt on the plaintiff's contentions that this was a negotiated settlement payment for personal injury.

Based upon its examination of the record, the court concludes that the plaintiff has not satisfied either of the two requirements necessary for exclusion of the payment from his income under § 104(a)(2). First, there is no evidence showing that the underlying cause of action giving rise to the settlement was based upon any tort rights. Second, there is no evidentiary support to the claim that the damages were received on account of personal injuries suffered by the plaintiff.

The court concludes that the payment received by the plaintiff was a severance and therefore taxable income pursuant to 26 U.S.C. § 61(a).

Therefore, the court grants the defendant's motion for summary judgment. The court denies the plaintiff's motion for summary judgment.

## CONCLUSION

For the forgoing reasons, the defendant's motion for summary judgment (document no. 14) is granted. The plaintiff's motion for summary judgment (document no. 17) is denied.