**Robert L. ALLUM, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 06–70623.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 30, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Allum, Belgrade, MT, for Petitioner–Appellant.

John A. Nolet, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

Robert L. Allum appeals pro se from the tax court's judgment holding that receipt of income pursuant to a settlement agreement was not excludable from taxable income pursuant to 26 U.S.C. § 104(a)(2). We have jurisdiction pursuant to 26 U.S.C. § 7482. We review a tax court's legal conclusions de novo and its findings of fact

** This disposition is not appropriate for publication and is not precedent except as provid-

for clear error. *DHL Corp. & Subsidiaries v. CIR*, 285 F.3d 1210, 1216 (9th Cir. 2002). We affirm.

The tax court properly determined that the settlement Allum received was not excludable from his taxable income because it was received as settlement for violation of his civil rights, not physical injury or sickness. *See* 26 U.S.C. § 104(a)(2); *Comm'r v. Schleier*, 515 U.S. 323, 329–30, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995).

The tax court also properly determined that the money Allum paid to his attorney in connection with negotiating the settlement was not excludable under section 104(a)(2). *See Comm'r v. Banks*, 543 U.S. 426, 430, 125 S.Ct. 826, 160 L.Ed.2d 859 (2005).

Allum's remaining contentions are unpersuasive.

**AFFIRMED.**