T.C. Memo. 2009-209

UNITED STATES TAX COURT

MARY ANN SAVE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22499-07.                    Filed September 15, 2009.

Mary Ann Save, pro se.

<u>Jeremy McPherson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's Federal income tax of $165,600 and a section 6662(a)
accuracy-related penalty of $33,120 for 2004.[1]  After

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
(continued...)

concessions,[2] the issue for decision is whether petitioner should have included $500,000 she received as a result of a lawsuit settlement as income on her 2004 Federal income tax return.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. At the time she filed her petition, petitioner resided in California.

In November 2003 petitioner and her colleague, Dr. Moneesha Pinto (plaintiffs), filed a first amended complaint against the County of Santa Clara, California (the county), in the U.S. District Court for the Northern District of California. In that amended complaint plaintiffs alleged: (1) Violation by the county of their First Amendment rights under 42 U.S.C. section 1983; (2) "Whistleblower Retaliation" under Cal. Lab. Code sec. 1102.5; (3) "Whistleblower Retaliation" under Cal. Health & Safety Code sec. 1278.5(b)(1); (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; and (6) defamation.

---

[1](...continued)
are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

[2]Respondent concedes the sec. 6662(a) penalty.

On November 22, 2004, plaintiffs and the County signed a "Settlement Agreement and General Release" (settlement agreement). The settlement agreement stated that "Plaintiffs * * * hereby release and forever discharge the County * * * from any and all claims that Plaintiffs have or may have against [the County]." The parties define the term "any and all claims" to mean "all claims of any kind, whether known or unknown, anticipated or unanticipated, past or present, contingent or fixed; and all claims that were asserted or could have been asserted". Under the terms of the settlement agreement, the county paid $500,000 to petitioner and $750,000 to petitioner's attorneys.[3]

Petitioner did not report any portion of the $500,000 settlement as income on her 2004 return. On July 2, 2007, respondent mailed a notice of deficiency to petitioner for 2004 in which respondent determined that the $500,000 the county paid to petitioner was includable in her gross income. On October 1, 2007, petitioner filed a petition with this Court.

OPINION

The definition of gross income under section 61(a) broadly encompasses any accession to a taxpayer's wealth. The scope of gross income is sweeping. United States v. Burke, 504 U.S. 229,

---

[3]Respondent concedes that the $750,000 the county paid to petitioner's attorneys did not constitute gross income to petitioner.

233 (1992); <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 429 (1955). Exclusions from gross income are narrowly construed. <u>Commissioner v. Schleier</u>, 515 U.S. 323, 328 (1995); <u>United States v. Burke</u>, <u>supra</u> at 248 (Souter, J., concurring in judgment); <u>Taggi v. United States</u>, 35 F.3d 93, 95 (2d Cir. 1994). Therefore, settlement proceeds constitute gross income unless the taxpayer proves they are specifically excepted by another statutory provision.[4]

Section 104(a)(2) provides for an exclusion from gross income:

SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--

\* \* \* \* \* \* \*

(2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness;

Petitioner claims that the emotional distress she allegedly suffered resulted in a physiological illness and further claims on brief that her settlement proceeds were received on account of her physiological illness. Respondent contends that the

---

[4]Petitioner does not argue that the burden of proof shifts to respondent pursuant to sec. 7491(a), nor has she shown that the threshold requirements of sec. 7491(a) have been met.

settlement agreement does not allocate petitioner's proceeds to a claim of personal physical injury or physical sickness and that petitioner has not shown that the county intended to compensate petitioner for personal physical injury or physical sickness.

I.   Rationale of Settlement

Determining whether a settlement was entered into on account of personal physical injuries or physical sickness requires an examination of the settlement agreement language.  Pipitone v. United States, 180 F.3d 859, 863 (7th Cir. 1999).  It is not sufficient that a tort or tortlike injury exists.  See United States v. Burke, supra at 234-235.  To be excludable, the damages received must be in settlement of those injuries.  Sec. 1.104-1(c), Income Tax Regs.; see also Commissioner v. Schleier, supra at 337.[5]

It is petitioner's duty to prove the proper allocation between taxable and nontaxable amounts.  Pipitone v. United States, supra at 865.  "'[F]ailure to show the specific amount of

---

[5]Sec. 104(a)(2) was amended in 1996 by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1838, effective generally for amounts received after Aug. 20, 1996.  In relevant part, the amendment added the modifier "physical" after "personal" and before "injuries" and the modifier "physical" was added before sickness.  Although Commissioner v. Schleier, 515 U.S. 323 (1995), United States v. Burke, 504 U.S. 229 (1992), and Pipitone v. United States, 180 F.3d 859 (7th Cir. 1999), construe sec. 104(a)(2) before the 1996 amendment, their holding that proceeds are excludable under sec. 104(a)(2) only if shown to be received in settlement of injuries addressed by the statute remains good law.

the payment allocable to the claims of tort or tortlike damages for personal injuries results in the entire amount's being presumed not to be excludible.'" Id. at 864 (quoting Wise v. Commissioner, T.C. Memo. 1998-4); Taylor v. Commissioner, T.C. Memo. 1999-323, affd. without published opinion 246 F.3d 676 (9th Cir. 2000); Morabito v. Commissioner, T.C. Memo. 1997-315.

A.    Express Language of Settlement

Language in a settlement agreement can offer probative evidence on how a settlement payment should be treated for purposes of section 104(a)(2).  See, e.g., Bent v. Commissioner, 87 T.C. 236, 246 (1986), affd. 835 F.2d 67 (3d Cir. 1987).

The settlement agreement defined a very general reference to petitioner's claims against the county and failed to allocate between tort or tortlike claims excludable under section 104(a) and other claims not excludable.  Thus, while petitioner can show that her underlying infliction of emotional distress claims are, in part,[6] "actions for personal physical injury", the record does not indicate that the settlement agreement awarded any compensation for those claims.

---

[6]Petitioner's emotional distress is not treated as a physical injury under sec. 104(a)(2), except to the extent that settlement proceeds attributable to it were used to pay for medical care.

B.    Intent of Payors

In the absence of any express language in the agreement, the intent of the payor is the most important factor in determining the purpose of the payment.  Pipitone v. United States, supra at 864; Kurowski v. Commissioner, 917 F.2d 1033, 1036 (7th Cir. 1990), affg. T.C. Memo. 1989-149; Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33; Agar v. Commissioner, 290 F.2d 283, 284 (2d Cir. 1961), affg. T.C. Memo. 1960-21; Metzger v. Commissioner, 88 T.C. 834, 847-848 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988); Kroposki v. Commissioner, T.C. Memo. 1997-563.

Petitioner failed to show that the county intended any part of her settlement proceeds to be allocated to her medical expenses that she alleges were attributable to emotional distress.  The flush language of section 104(a) provides that, for purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness, except to the extent that damages attributable to emotional distress were used to pay for medical care as described in section 213(d)(1)(A) and (B).

The record does not indicate that the county agreed to provide petitioner with settlement proceeds for any reason other than to effect a general release of her claims.  This Court cannot apportion damages among various tort and nontort claims

where the settlement was a general release and there is no evidence on which to predicate an allocation.  <u>Strong v. Commissioner</u>, T.C. Memo. 1994-346, affd. on this issue and revd. on other grounds without published opinion 79 F.3d 1154 (9th Cir. 1996).

II. <u>Conclusion</u>

Petitioner has not demonstrated that the $500,000 payment she received from the county was "on account of personal physical injuries or physical sickness".  Moreover, the Court will not speculate as to what amount, if any, of the settlement was paid to settle tortlike personal physical injury claims.  Absent proof of a specific payment for tortlike personal physical injuries or physical sickness, petitioner does not meet the criteria for exclusion of any part of the settlement from income under section 104(a)(2).  Thus, in accordance with section 61, the $500,000 payment must be included in petitioner's gross income for the 2004 taxable year.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.
