T.C. Memo. 2011-263

UNITED STATES TAX COURT

MIGUEL A. AND ANTONIA GUTIERREZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21671-08.          Filed November 7, 2011.

Miguel A. and Antonia Gutierrez, pro sese.

John Chinnapongse and Matthew D. Carlson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, Judge:  Respondent determined a deficiency in
petitioners' 2005 Federal income tax of $3,249 and an addition to
tax under section 6651(a)(1)[1] of $53.

_____

[1]Unless otherwise noted, all section references are to the
Internal Revenue Code of 1986, as in effect for the taxable year
in issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

After concessions,[2] the remaining issues for decision are: (1) Whether petitioners are entitled to exclude from gross income $35,000 that petitioner wife received pursuant to a settlement of several claims against her former employer, and (2) whether petitioners are liable for an addition to tax under section 6651(a)(1).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner husband resided in California and petitioner wife resided in Mexico.

Petitioner Wife's Lawsuit

During 2000, 2001, and 2002 petitioner wife worked as a vineyard worker for R.H. Phillips, Inc. (Phillips), performing a variety of tasks including pruning and tying vines, training new plants, harvesting, and other agricultural tasks.  In 2004 petitioner wife and three other female vineyard workers (plaintiffs) sued Phillips, among others, on several grounds in

---

[2]Petitioners concede that they failed to report $53 in taxable wage income and $1,113 in taxable unemployment compensation for 2005.

the Superior Court for the State of California (lawsuit).  Among other counsel, the plaintiffs were represented in the lawsuit by the law firm of Talamantes, Villegas, Carrera LLP.

The complaint in the lawsuit listed the following causes of action:  (1) Unlawful employment discrimination based on sex, (2) unlawful failure to prevent harassment, (3) unlawful failure to prevent discrimination, (4) retaliation for opposing employment discrimination, (5) aiding, abetting, and inciting discrimination, (6) misrepresentation preventing former employee from obtaining employment, (7) wrongful termination/failure to rehire in violation of public policy, (8) failure to pay minimum wages, (9) liquidated damages for failure to pay minimum wages, (10) failure to provide rest periods, (11) failure to provide meal periods, (12) failure to provide employees with necessary and required tools and equipment, and (13) restitution and injunctive relief on the grounds of, inter alia, loss of money, loss of property, and personal injuries attributable to Phillips' failure to provide potable water at the worksite or adequate restroom breaks.  The complaint does not allege that emotional distress resulted from the alleged physical injuries but does allege that emotional distress such as anxiety and stress resulted from other grounds in the complaint (e.g., emotional distress attributable to unlawful employment discrimination based on sex).

Settlement Agreement

On or around August 12, 2005, petitioner wife and the other plaintiffs settled all of the grounds of the lawsuit by entering into a settlement agreement negotiated by their counsel and counsel for Phillips.  Pursuant to the settlement agreement, Phillips paid $180,000 to an attorney-client trust established by Talamantes, Villegas, Carrera LLP and the plaintiffs agreed to release Phillips from all claims in the lawsuit and any other claims the plaintiffs might have against Phillips.  The settlement agreement stated that the $180,000 was paid "as compensation to the Plaintiffs for emotional distress damages only and for attorneys' fees".  The plaintiffs were all monolingual Spanish speakers.  A declaration accompanying the settlement agreement states that the settlement agreement was orally translated into Spanish in the presence of the plaintiffs and that the plaintiffs acknowledged that they understood the translation of the settlement agreement.

In 2005 petitioner wife received $35,000 from the settlement agreement through the attorney-client trust.

Petitioners' 2005 Return

Petitioners received an extension of time until October 15, 2006, to file their 2005 Federal income tax return.  Petitioners filed their 2005 return on November 21, 2006.  Petitioners did not include in gross income on their 2005 return the $35,000 that

petitioner wife had received pursuant to the settlement agreement.

Notice of Deficiency and Petition

In a timely notice of deficiency, respondent determined that the $35,000 petitioner wife received pursuant to the settlement agreement in 2005 was includable in petitioners' gross income for that year and that petitioners were liable for an addition to tax under section 6651(a)(1) for the late filing of the return. In their timely petition, petitioners alleged, inter alia, that during her work for Phillips petitioner wife suffered physical injuries as a result of exposure to pesticides (namely respiratory damage, constant headaches, and loss of vision) and emotional distress (including mental trauma and memory loss) attributable to such physical injuries.

OPINION

Unreported Income

We must first decide whether petitioners must include in gross income for 2005 the $35,000 that petitioner wife received pursuant to the settlement agreement. Petitioners contend that the settlement is excludable from gross income under section 104(a)(2), which provides an exclusion from gross income for damages received on account of personal injuries or physical sickness. Respondent contends that petitioners are not entitled to exclude the settlement from gross income under section

104(a)(2), because the settlement agreement indicates that the settlement was not paid on account of personal physical injuries or physical sickness.

Respondent's determinations in the notice of deficiency are presumed to be correct, and petitioners bear the burden of proving that the determinations are in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3]

Section 61(a) provides that gross income means all income from whatever source derived except as otherwise provided. Exclusions from gross income must be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995); Kovacs v. Commissioner, 100 T.C. 124, 128 (1993), affd. without published opinion 25 F.3d 1048 (6th Cir. 1994). One such exclusion is found in section 104(a)(2), which provides that gross income does not include the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness.

The requirement that the injuries or sickness be physical dates from 1996, when Congress amended section 104(a)(2) to add that limitation. Effective generally for damages received after August 20, 1996, in tax years ending after such date, damages for emotional distress are not excludable from gross income (1)

---

[3]Petitioners have not established that the burden of proof has shifted to respondent with respect to any factual issue in this case. See sec. 7491(a).

unless the emotional distress is attributable to a personal physical injury or physical sickness, or (2) except to the extent the damages do not exceed amounts paid for medical care attributable to emotional distress.  See sec. 104(a) (flush language); Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1755, 1838; see also Lindsey v. Commissioner, 422 F.3d 684, 687-688 (8th Cir. 2005), affg. T.C. Memo. 2004-113; Mayberry v. United States, 151 F.3d 855, 858 n.2 (8th Cir. 1998).

When damages are received pursuant to a settlement agreement, the nature of the claim underlying the settlement agreement, not its validity, controls whether a payment is excludable under section 104(a)(2).  United States v. Burke, 504 U.S. 229, 237 (1992); Bagley v. Commissioner, 121 F.3d 393, 395 (8th Cir. 1997), affg. 105 T.C. 396, 406 (1995).  The determination of the nature of the claim is a factual inquiry and is generally made by reference to the settlement agreement in the light of the surrounding circumstances.  Robinson v. Commissioner, 70 F.3d 34, 37-38 (5th Cir. 1995), affg. in part and revg. in part on another issue 102 T.C. 116, 126 (1994); Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33.  An express allocation in the settlement agreement is generally binding for tax purposes provided the agreement was entered into by adversarial parties

acting at arm's length and in good faith.  Bagley v. Commissioner, supra at 396; Robinson v. Commissioner, supra at 37-38; Allum v. Commissioner, T.C. Memo. 2005-177, affd. 231 Fed. Appx. 550 (9th Cir. 2007).  However, an express allocation will not be respected if it does not reflect the intent of the parties.  Bagley v. Commissioner, supra at 396; Delaney v. Commissioner, 99 F.3d 20, 24 (1st Cir. 1996), affg. T.C. Memo. 1995-378.  The intent of the payor, and not the recipient, is critical in determining the validity of an express allocation in a settlement agreement.  Robinson v. Commissioner, supra at 37; Knuckles v. Commissioner, supra at 613; Agar v. Commissioner, 290 F.2d 283, 284 (2d Cir. 1961), affg. T.C. Memo. 1960-21; Metzger v. Commissioner, 88 T.C. 834, 847-848 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988).

The petition alleges that petitioner wife was exposed to pesticides during her work for Phillips and that she suffered both physical injuries, including respiratory damage and headaches, and emotional distress, including mental trauma and memory loss, as a result.  However, there is no allegation of harm caused by pesticides in the complaint in the lawsuit.  Accordingly, we find that the settlement payment could not have constituted compensation for any pesticide-related injury, whether physical or emotional.

Petitioner husband testified that his wife suffered physical injuries attributable to her work for Phillips and did not understand when she signed the settlement agreement that the settlement was for emotional distress only (notwithstanding that the agreement expressly so provided and was translated into Spanish for her).  Respondent contends that the settlement payment is not excludable from petitioners' gross income because it was not received on account of personal physical injuries or physical sickness.

The complaint alleges that petitioner wife suffered personal injury as a result of Phillips' failure to provide potable water at the worksite or adequate restroom breaks.  The complaint does not allege that the foregoing resulted in any emotional distress.  The settlement agreement expressly allocates the damages paid to emotional distress and attorney's fees.  The settlement agreement on its face, as well as other evidence in the case, establishes that petitioner wife was represented by counsel when she entered the settlement agreement.

We are persuaded by the evidence that the settlement agreement was entered into by adversarial parties acting at arm's length and in good faith.  Petitioner husband's contention that his wife did not understand that she was receiving damages only on account of emotional distress does not, in these circumstances, persuade us that the settlement agreement fails to

reflect the intent of the parties, given that petitioner wife was represented by counsel.  The fact that the settlement agreement does not reference any physical injury (related to potable water, restroom breaks, or otherwise) persuades us that there was no intention to compensate for physical injury.[4]  Instead, the settlement agreement evidences Phillips' intent to pay damages only for emotional distress (and attorney's fees).  In these circumstances, we conclude that the allocation in the settlement agreement controls.

Finally, there is no evidence that petitioner wife incurred any expenses in 2005 for medical care attributable to emotional distress.

Consequently, there is no basis to exclude any portion of the $35,000 from gross income under section 104(a)(2).  We accordingly sustain respondent's determination that petitioners had unreported income in that amount for 2005.

Section 6651(a)(1) Addition to Tax

Respondent determined a section 6651(a)(1) addition to tax for failure to timely file.  As the parties have stipulated that petitioners' 2005 return was filed on November 21, 2006,

---

[4]As the complaint did not even allege emotional distress arising from inadequate access to potable water or restroom breaks, we are satisfied that no portion of the settlement could have been compensation for emotional distress attributable to such claims.  We note in this regard that the complaint did allege emotional distress as a result of other allegations in the complaint (e.g., unlawful discrimination based on sex).

respondent has satisfied his burden of production with respect to the addition and petitioners are therefore liable unless they can establish reasonable cause for the late filing.  See sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-448 (2001). Petitioner husband testified that he filed late because he was preoccupied with petitioner wife's immigration problems. "Selective inability" to file a timely tax return--i.e., while attending to other matters--does not demonstrate reasonable cause.  <u>Wright v. Commissioner</u>, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999); see also <u>Bear v. Commissioner</u>, 19 F.3d 26 (9th Cir. 1994), affg. without published opinion T.C. Memo. 1992-690; <u>Dustin v. Commissioner</u>, 467 F.2d 47, 50 (9th Cir. 1972), affg. 53 T.C. 491, 507 (1969); <u>Tabbi v. Commissioner</u>, T.C. Memo. 1995-463; <u>Kemmerer v. Commissioner</u>, T.C. Memo. 1993-394; <u>Fambrough v. Commissioner</u>, T.C. Memo. 1990-104.  Accordingly, we sustain respondent's imposition of an addition to tax under section 6651(a)(1).

To reflect petitioners' concessions and the foregoing,

<u>Decision will be entered for respondent</u>.