T.C. Summary Opinion 2005-129


UNITED STATES TAX COURT


ROBERT E. AND LOUISE L. MUMY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18976-04S.            Filed August 24, 2005.


Harland M. Britz, for petitioners.

Bryan E. Sladek, for respondent.


DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' 2002 Federal income tax of $2,164. The sole issue for decision is whether the amount received by petitioner Louise Mumy (petitioner) from DaimlerChrysler, her employer, is excludable from income under section 104(a)(2).

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Temperance, Michigan.

## Background

### Petitioners' Employment

During 2002, petitioners were full-time employees[1] at a large automobile manufacturing plant, DaimlerChrysler. The DaimlerChrysler plant is located in Toledo, Ohio. Petitioner was a secretary in the body shop. Petitioner Robert Mumy was a factory worker.

### Petitioner's Injuries

Petitioner was harassed by a coworker in her workplace starting in 1997. The coworker made inappropriate statements to her, stared at her, and visited her office when there was no

---

[1]No explanation was given for the unemployment compensation received during 2002 by both petitioners. Petitioner testified that she had been continuously employed by DaimlerChrysler for 22 years. The basis for these payments, however, does not affect the Court's decision, as the unemployment compensation was appropriately reported.

business purpose. DaimlerChrysler responded to petitioner's complaints by advising the coworker to stop bothering petitioner. Petitioner suffered "anxiety, embarrassment and humiliation" as a result of the harassment.

On May 23, 2000, the same coworker pinched petitioner on her upper arm. Petitioner and her coworker, along with his supervisor, were in petitioner's office when this occurred. Petitioner did not seek medical care for her battery. The incident was not reported to the police. The pinch inflicted by the coworker resulted in a small contusion which lasted approximately 10 to 14 days. This contusion was "just sore to the touch" for a couple days. After the coworker pinched petitioner, DaimlerChrysler issued a written warning to the coworker. The coworker was later dismissed for unrelated reasons, but was subsequently rehired.

Petitioner's Settlement With DaimlerChrysler

Petitioner's complaint for damages was filed in Lucas County, Ohio, on April 10, 2001. The complaint alleged that she suffered "anxiety, embarrassment, and humiliation, as well as pain from the physical injury" as a result of the harassment. The complaint alleged that DaimlerChrysler was responsible for the harassment "as well as the assault and battery" on petitioner. The action was "brought pursuant to section 4112.99, Ohio Revised Code, as well as Ohio common law." Ohio Rev. Code

Ann. sec. 4112.99 (LexisNexis 2001) provides for "damages, injunctive relief, or any other appropriate relief" for violation of the Ohio civil rights statute. Petitioner requested $500,000 in compensatory damages and $500,000 for punitive damages.

In October 2002, petitioner settled her claims against DaimlerChrysler for $12,000. Petitioner directly accepted $11,500 from DaimlerChrysler, and approved $500 to be paid to her attorney.[2] These amounts were paid in full settlement of any claims by petitioner.

The settlement agreement (agreement) referenced the harassment, personal injury, and emotional distress allegations in a preliminary "whereas" clause. The agreement specifically stated in clause 6 that "Settlement is made only to buy peace and to compromise disputed claims, and to avoid the expense and inconvenience of trial." The parties agreed that the amounts were paid "In consideration for the Release and Covenant Not to Sue given by Employee".

No allocation was made with regard to the amount of damages paid, if any, in consideration of the pinch and for the harassment. DaimlerChrysler intended the agreement to encompass "settlement of all claims".

---

[2]Despite Commissioner v. Banks, 543 U.S. ___, 125 S. Ct. 826 (2005), respondent has not determined that the $500 paid to petitioner's attorney in October 2002 be included in petitioners' taxable income. Therefore, the Court will not consider it.

The agreement between petitioner and DaimlerChrysler was finalized in October 2002.  It was signed by petitioner on October 15, 2002, and by a DaimlerChrysler agent on October 28, 2002.  By signing the agreement, petitioner agreed with the description of her allegations in the complaint "That during [petitioner's] employment with Employer, she was harassed by a fellow employee and that, as a result, she has suffered personal injury and emotional distress."

The agreement specifically stated DaimlerChrysler would issue 1099 forms, and that petitioner would hold DaimlerChrysler harmless "With respect to withholding or any applicable income and employment taxes in connection with the consideration paid hereunder."  Petitioner attested that she was given 3 weeks to review the agreement and encouraged to seek counsel.  Petitioner did receive legal advice[3] regarding the settlement, but she did not follow that advice.

Deficiency

Respondent determined a deficiency in petitioners' 2002 Federal income tax of $2,164.  Respondent received from Daimler-Chrysler a Form 1099-MISC, Miscellaneous Income, issued to

---

[3]Petitioner's counsel for the lawsuit and settlement negotiations with DaimlerChrysler is also representing petitioners in this case.  He recommended that petitioner not accept the settlement.

 petitioner that reported the payment of income in the amount of $11,500.[4]

Petitioners did not report the $11,500 payment as income on their Form 1040, U.S. Individual Income Tax Return, for 2002.

## Discussion

The Commissioner's deficiency determinations are presumed correct, and taxpayers generally have the burden of proving these determinations are incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under certain circumstances, section 7491(a) may shift the burden to the Commissioner.  This shifting of the burden, however, applies only where the taxpayer has introduced such "credible evidence" regarding their liability that, if unopposed, would show by a preponderance of the evidence that respondent's determination is erroneous.  Petitioners have not introduced such evidence.  The Court decides this case on the record before it and without regard to the burden of proof.

Taxpayers are required, under section 61(a), to include "all income from whatever source derived" unless such income has been specifically excepted from inclusion.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955) (Congress's intent under section 61(a) was to tax unless specifically excluded).  Exclusions to section 61(a) must be narrowly construed.

---

[4]A copy of the Form 1099-MISC issued to petitioner by Daimler-Chrysler was not provided to the Court.

Commissioner v. Schleier, 515 U.S. 323, 328 (1995) (citing United States v. Burke, 504 U.S. 229, 248 (1992).)

Exclusion of Certain Damages

Section 104(a)(2) allows taxpayers to exclude from income "the amount of any damages (other than punitive damages) received (whether by suit or agreement * * *) on account of personal physical injuries or physical sickness". The flush language of section 104(a) specifies that "emotional distress shall not be treated as a physical injury or physical sickness."

Treasury regulations provide that this exclusion is limited to those damages received through litigation or settlement that are based on "tort or tort type rights." Sec. 1.104-1(c), Income Tax Regs.

Damages are excludable from income under section 104(a)(2) if they meet the two prong test set out in Commissioner v. Schleier, supra, that payments received in settlement be: (1) Received for claims "based upon tort or tort type rights," and (2) received "on account of personal injuries or sickness." Commissioner v. Schleier, supra at 335-337. Both requirements must be satisfied for the damages to be excluded from income. Id. at 333. Section 104(a)(2) was amended in 1996 to include the requirement that damages be received for physical injuries or sickness. Small Business Job Protection Act of 1996, Pub. L. 104-188, 110 Stat. 1755, 1838-1839. However, this does not alter

the analysis of the <u>Schleier</u> test.  See <u>Tamberella v.
Commissioner</u>, T.C. Memo. 2004-47.

<u>Nature of the Claim</u>

To determine whether the settlement payment is excludable
under section 104(a)(2) and <u>Schleier</u>, the Court must determine
whether the settlement amount was received for claims based upon
tort or tort type rights as well as paid "on account of" personal
physical injuries or sickness.  The nature of the claim that was
the basis of the settlement is determinative.  <u>United States v.
Burke</u>, <u>supra</u> at 237.  The "key question" to be answered is "'In
lieu of what were the damages awarded?'"  <u>Robinson v.
Commissioner</u>, 102 T.C. 116, 126 (1994) (citations omitted), affd.
in part, revd. in part and remanded 70 F.3d 34 (5th Cir. 1995).
This "determination is factual and is generally made by reference
to the settlement agreement in light of the surrounding
circumstances."  <u>Id.</u> (citation omitted).  Additionally, the
determination "depends on the nature of the claim" without regard
to the "validity of the claim."  <u>Metzger v. Commissioner</u>, 88 T.C.
834, 847 (1987), affd. without published opinion 845 F.2d 1013
(3d Cir. 1988).  Both prongs of the <u>Schleier</u> test are applied in
light of the nature of the claim underlying the settlement.
<u>United States v. Burke</u>, <u>supra</u> at 234.

Tort or Tort Type Rights

To be excludable under section 104(a)(2) and the first prong of Schleier, the damages must have been received for "tort or tort type rights."  The Supreme Court in United States v. Burke, supra at 234, stated that, for purposes of section 102(a)(2) analysis, a tort is a "'civil wrong, other than breach of contract, for which the court will provide a remedy in the form of an action for damages.'"  An action for damages is an "essential characteristic" for a tort, as is "a broad range of damages."  Id. at 235 (citation omitted).

To determine whether the damages were in fact received for "tort or tort type rights," the Court must look to "the nature of the claim underlying" the settlement.  Id. at 237.  "For purposes of section 104(a)(2), we look to state law in determining the nature of the claim."  Pipitone v. United States, 180 F.3d 859, 862 (7th Cir. 1999) (citing Burnet v. Harmel, 287 U.S. 103, 110 (1932)).

Petitioner's complaint against DaimlerChrysler was based on sec. 4112.99 of the Ohio Revised Code and Ohio common law.[5] Violations of Ohio's civil rights statute are redressable through a "civil action for damages, injunctive relief, or any other appropriate relief."  Ohio Rev. Code Ann. sec. 4112.99 (LexisNexis 2001).  Petitioner's harassment claim is therefore

---

[5]No specific "Ohio common law" cases were identified.

within the <u>Burke</u> definition of a tort and would satisfy the first prong of the <u>Schleier</u> test.

Additionally, Ohio Rev. Code Ann. sec. 2307.60(A) allows "Anyone injured in person or property by a criminal act" to "recover full damages in a civil action unless specifically excepted by law".  Although not cited in petitioner's complaint, this section governs civil actions for assault or battery.  Additionally, Ohio Rev. Code Ann. sec. 2307.60(B)(1) (LexisNexis 2005), defines a "tort action" as a "civil action for damages for injury, death, or loss to person or property other than a civil action for damages for a breach of contract or another agreement between persons."  Petitioner's claim for assault based on the pinch would also satisfy the <u>Burke</u> definition of tort, and the first prong of the <u>Schleier</u> test.

Therefore, whether the settlement was based on the harassment or the assault claims, petitioner's damages were received "for claims based upon tort or tort type rights," as Ohio law provides for damages for violations of the Ohio civil rights statute and for injuries resulting from a criminal act. The first prong of the <u>Schleier</u> test is satisfied.

<u>Personal Physical Injuries or Physical Sickness</u>

To be excludable under section 104(a)(2) and the second prong of the <u>Schleier</u> test, the damages must have been received "on account of personal physical injuries or physical sickness."

This analysis is also guided by the "nature of the claim underlying" the settlement.  <u>United States v. Burke</u>, <u>supra</u> at 237.  The question before us is whether the damages paid to petitioner by DaimlerChrysler were for a personal physical injury.

Petitioner's complaint alleged that she suffered "anxiety, embarrassment and humiliation," as a result of the harassment, and pain from the pinch.  However, "mental anguish, humiliation, and embarrassment are not personal physical injuries or physical sickness * * * but are most akin to emotional distress."  <u>Shaltz v. Commissioner</u>, T.C. Memo. 2003-173.  Anxiety is also part of emotional distress.  7 Restatement, Torts 2d, sec. 905 (1979).  Under the flush language of section 104, damages resulting from emotional distress are not excludable from income.  Therefore, if the damages paid to petitioner are to satisfy the second prong of <u>Schleier</u>, they must have been paid solely as a result of the pinch.

The mere mention of a physical injury in a complaint does not determine the nature of the claims.  <u>Emerson v. Commissioner</u>, T.C. Memo. 2003-82.  In the case before the Court, the agreement referenced the harassment, personal injury, and emotional distress allegations, albeit in a preliminary "whereas" clause.  The document, however, does not contain any language which specifically states that the amount paid was to settle the

harassment claim, the emotional stress claim, or the assault and battery claim. Rather, the parties agreed that the amount was paid "In consideration for the Release and Covenant Not to Sue given by Employee". The parties also agreed that the "Settlement is made only to buy peace and to compromise disputed claims, and to avoid the expense and inconvenience of trial."

The nature of the underlying claims cannot be determined by a general release that is broad and inclusive. Taggi v. United States, 835 F. Supp. 744, 746 (S.D.N.Y. 1993), affd. 35 F.3d 93, 96 (2d Cir. 1994). Such a release was included in the agreement in the case before the Court. The agreement released Daimler-Chrysler and all related entities from "any and all known or unknown grievances, disputes, actions, causes of action; * * * claims at law or in equity, or sounding in contract * * * or tort, arising under common law, any federal, state or local statute or ordinance". This release included age discrimination, disability discrimination, any claims arising from title VII of the Civil Rights Act of 1964, as well as claims regarding wages and overtime and health insurance coverage.

Where the agreement does not address "what portion, if any, of a settlement payment should be allocated towards damages excludable under * * * [section 104(a)(2)], the courts will not make that allocation for the parties." Taggi v. United States, supra at 746. If the "settlement agreement lacks express

language" regarding what the payment was for, "then the most important fact in determining how section 104(a)(2) is to be applied is 'the intent of the payor' as to the purpose in making the payment." Metzger v. Commissioner, 88 T.C. at 847-848 (quoting Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33); see also Whitehead v. Commissioner, T.C. Memo. 1980-508 (general release found to indicate that payor "regarded the settlement payment as compensation for all of the claims which may have been brought by petitioner rather than as compensation for one particular type of claim.").

In the case before us, the intent of the payor is evidenced in trial testimony and the agreement. The DaimlerChrysler counsel with settlement authority for petitioner's claims, and who executed the settlement for DaimlerChrysler, testified at trial. DaimlerChrysler did not allocate the payment between the causes of action in the agreement but rather intended the agreement to encompass "settlement of all claims." In the agreement, DaimlerChrysler specifically referenced the Forms 1099 that would be issued regarding the payments, as well as the "withholding or any applicable income and employment taxes in connection with the consideration paid". Id. (emphasis added). By referring to the income and employment taxes, the Forms 1099, and their intention that the agreement include settlement of all

claims without specific allocation to any particular claim, DaimlerChrysler demonstrated that its purpose for the payment was not as damages on account of physical injury or physical sickness.

The ultimate character of the proceeds depends on the payor's "dominant reason" for making the payment. Commissioner v. Duberstein, 363 U.S. 278, 286 (1960); accord Agar v. Commissioner, 290 F.2d 283, 284 (2d Cir. 1961), affg. per curiam T.C. Memo. 1960-21. Petitioner did not file her lawsuit against DaimlerChrysler until after the pinch. Instead of the pinch being the basis for a separate and stand-alone cause of action, however, the complaint treats the pinch as a symptom of the harassment. Similarly, the agreement also references the "personal injury" as resulting from the harassment.

From the evidence, the Court concludes that it was not DaimlerChrysler's intention to compensate petitioner for the physical injury, in other words, the pinch. Rather, their purpose and intention was to compensate for the primary cause of action stated by petitioner in her complaint, the harassment. The Court "must consider the entire amount taxable" when the agreement settles claims for different types of damages, does not allocate the damages, and "there is no other evidence that a specific claim was meant to be singled out." Morabito v. Commissioner, T.C. Memo. 1997-315. The Court finds that the

settlement amounts were not paid "on account of personal physical injuries or sickness," <u>Commissioner v. Schleier</u>, 515 U.S. at 337, and are not excludable from gross income under section 104(a)(2).

<u>Conclusion</u>

Respondent's determination that the settlement payment is includable in petitioners' income for 2002 is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.