T.C. Summary Opinion 2010-58

UNITED STATES TAX COURT

KEVIN PATRICK MCKENNA AND ANANDA L. MCKENNA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13440-08S.                    Filed May 4, 2010.

<u>Shervon M. Small</u>, for petitioners.

<u>Zachary Sharpe</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent
section references are to the Internal Revenue Code (Code), and

all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioners challenge the outcome of a March 12, 2008, Internal Revenue Service (IRS) Appeals collection hearing determination concerning a final notice of intent to levy for petitioners' unpaid Federal income tax liability for 2005. Respondent issued a notice of determination sustaining the levy action and denying petitioners' request for abatement of the additions to tax for 2005 for failure to file, failure to pay the tax shown on the return, and failure to pay estimated tax assessed under sections 6651(a)(1) and (2) and 6654(a), respectively. The issues for decision are whether petitioners are liable for the additions to tax for 2005 and whether respondent abused his discretion in denying petitioners' request for abatement of the additions to tax and in upholding the levy action.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in New York when they filed their petition.

Petitioners married in 1983. They have one daughter who resides with them. In 2005 Ms. McKenna worked full time as an independent contractor for Doctor Leonard's Healthcare Catalogs

(Dr. Leonard's), a mail order and online health products business. Dr. Leonard's reported Ms. McKenna's 2005 earnings on a Form 1099-MISC, Miscellaneous Income. At the time of trial she worked for Dr. Leonard's only 1 day a week.

Mr. McKenna is college educated, with a degree in engineering. He completed course work but not the thesis for an M.B.A. in finance. He held jobs in operations management, industrial engineering, and finance until 2000. From 2000 through the date of trial, Mr. McKenna remained unemployed except for 6 months during 2005-2006 when a temporary employment agency placed him with the Hongkong and Shanghai Banking Corp., USA. The bank fired Mr. McKenna because he could not control his anger.

Mr. McKenna has a long history of mental health issues and alcohol and substance abuse. Although he believes he has suffered from mental health problems since childhood, Mr. McKenna did not begin attending therapy sessions and taking medication until after the death of a close friend in the mid-1990s. As of trial, he was taking medication to alleviate the effects of his mental and physical health problems. Mr. McKenna is not alone in his struggles. Both Ms. McKenna and their daughter suffer from mental health issues as well.

Mr. McKenna is in charge of the household finances, including paying bills such as rent and utilities. Although he

pays some household bills late, Mr. McKenna does ultimately pay them.

On December 11, 2006, after Ms. McKenna learned that the IRS had levied upon the couple's joint bank account to satisfy unpaid income tax liabilities, Mr. McKenna filed the couple's 2001-2005 Federal income tax returns. He did not include payments for the balances due on the returns. Ms. McKenna had assumed that Mr. McKenna had timely filed the returns and paid the balances because he had done so in the past. Mr. McKenna hid correspondence from the IRS under a couch. Whenever Ms. McKenna asked Mr. McKenna about their tax returns, he told her that they were "being taken care of."

Petitioners received a final notice of intent to levy dated June 2, 2007, for years 2001-2004. They received another final notice of intent to levy dated October 9, 2007, for years 2001-2005. As of the October date, petitioners' unpaid Federal income tax liability for 2005 totaled $8,001, consisting of petitioners' self-assessed balance due of Federal income tax of $5,143, interest of $855, and additions to tax of $1,157 for late filing, $643 for late payment, and $203 for failure to pay estimated tax.

On November 5, 2007, petitioners filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, for 2001-2005. The IRS informed petitioners that because their request for a hearing for years 2001-2004 was made more than 30 days past

the June 2, 2007, notice, their request was too late to warrant a collection hearing. Instead, the IRS provided an equivalent hearing for those years. In their petition, petitioners asked the Court to include 2001-2004 in the Court's review. However, the Court granted respondent's motion to dismiss for lack of jurisdiction for 2001-2004 because the Court lacks jurisdiction over equivalent hearings. See sec. 6330(d); Rule 330(b).

With respect to 2005, the IRS provided petitioners with a collection hearing because petitioners' request for a hearing for 2005 was made within 30 days of the IRS notice dated October 9, 2007. The parties conducted the hearing by telephone conference on March 12, 2008, with solely Mr. McKenna participating for petitioners. Mr. McKenna requested that the IRS abate the additions to tax for all years 2001-2005 because he had reasonable cause to file and pay late; namely, his substance abuse and mental health issues. The settlement officer informed Mr. McKenna that unless Mr. McKenna provided more documentation, petitioners would not have substantiated reasonable cause to abate the additions to tax.

Nonetheless, trying to resolve the case "in the interest of taxpayer relations", the settlement officer proposed abating the additions to tax for 2002, totaling $4,800, and crediting the $4,800 toward the unpaid Federal income tax liability for 2005. By early 2009 petitioners had paid the outstanding balances for

2001-2004. In consideration, the settlement officer requested that petitioners provide more substantiation regarding Mr. McKenna's physical and mental problems and that petitioners complete a Form 433-D, Installment Agreement, providing information to arrange a monthly installment plan to pay the balance of the unpaid Federal income tax liability for 2005.

At no time during the hearing did Mr. McKenna dispute that petitioners owed the tax reported on the 2005 return, challenge the appropriateness of the collection action, or offer collection alternatives for payment of the Federal income tax due.

Petitioners did not provide the information that the settlement officer had requested. IRS Appeals issued a notice of determination dated April 30, 2008, sustaining the collection action for 2005. Petitioners timely petitioned this Court, contending in main part that IRS Appeals abused its discretion by: (1) Pressuring petitioners into a telephone conference even though Mr. McKenna had stressed that the issues were too complex for him to properly explain by telephone and therefore the IRS should have provided a face-to-face collection hearing; and (2) denying abatement of the additions to tax for 2001-2005 despite the severity of Mr. McKenna's mental health and substance abuse issues.

Discussion

I. Judicial Review of Collection Hearing Determinations

The Secretary may levy upon property and property rights of any taxpayer who fails to pay taxes after the Secretary makes a notice and demand for payment. Sec. 6331(a). The Secretary may levy with respect to any unpaid tax but only if the Secretary gives written notice to the taxpayer 30 days before executing the levy. Sec. 6331(d). The notice must advise the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a hearing. Sec. 6330(a).

If the taxpayer requests a hearing, an officer or employee of the Commissioner's Appeals Office with no prior involvement with respect to the unpaid tax at issue conducts the hearing. Sec. 6330(b)(1), (3). The Appeals officer verifies that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at the hearing if the taxpayer did not receive a notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B). The phrase "underlying tax liability" includes the tax deficiency, additions to tax, and statutory

interest.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).  A taxpayer may also challenge amounts the taxpayer reported as due on the original return.  Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection, taking into account:  (1) The verification that the requirements of any applicable law or administrative procedure have been met; (2) the relevant issues raised by the taxpayer; (3) challenges to the underlying tax liability by the taxpayer, where permitted; and (4) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

We have jurisdiction to review determinations by the Commissioner's Office of Appeals upholding levy actions.  Sec. 6330(d)(1).  Generally, we consider only those issues that the taxpayer raised during the section 6330 hearing.  Giamelli v. Commissioner, 129 T.C. 107, 112-113 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002).  However, without regard to a challenge by the taxpayer, the Court has jurisdiction to review the Appeals officer's mandated verification under section 6330(c)(1) that the Commissioner has met the requirements of any

applicable law or administrative procedure. <u>Hoyle v. Commissioner</u>, 131 T.C. 197, 202-203 (2008).

Where the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination de novo. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). The Court reviews determinations regarding proposed collection actions for abuse of discretion. <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 182. An abuse of discretion occurs when the Commissioner exercises discretion without sound basis in fact or law. <u>Murphy v. Commissioner</u>, 125 T.C. 301, 308 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

Respondent does not contest the fact that petitioners did not receive a notice of deficiency or otherwise have an opportunity to dispute their liability for 2005. Therefore, the underlying tax liability for 2005 is properly at issue and we review it de novo. See <u>Montgomery v. Commissioner</u>, <u>supra</u>.

II. <u>Telephone Conference</u>

Nothing in the record indicates that petitioners requested a face-to-face collection hearing. Mr. McKenna did not raise the issue during the telephone conference. Petitioners' first mention of the issue is in their petition.

The Court considers only arguments, issues, and other matters raised at the collection hearing or otherwise brought to

the attention of IRS Appeals.  Magana v. Commissioner, supra;
sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  Even if
petitioners had requested a face-to-face hearing, the law is well
settled that the Commissioner is not required to provide a face-
to-face meeting.  Katz v. Commissioner, supra at 336-338.  That
is because the Commissioner has finite resources and because
hearings conducted under section 6330 are informal proceedings,
not formal adjudications.  Id.  Thus, while taxpayers are
generally entitled to a face-to-face hearing, the law does not
invariably require a face-to-face meeting, and the Commissioner
may conduct the hearing by telephone or by correspondence.  Id.
at 337-338; sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. &
Admin. Regs.

III.  Challenge to the Underlying Tax Liability

A taxpayer bears the burden of proving that the underlying
tax liabilities are incorrect.  Rule 142(a); Welch v. Helvering,
290 U.S. 111, 115 (1933).  However, the Commissioner bears the
burden of production with respect to the additions to tax.  Sec.
7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  To
meet that burden, the Commissioner must offer sufficient evidence
to indicate that it is appropriate to impose the relevant
addition.  Higbee v. Commissioner, supra at 446.  Once the
Commissioner meets his burden of production, the taxpayer bears
the burden of proving error in the determination, including

providing evidence of reasonable cause or other exculpatory factors.  Id. at 446-447.

A.  Failure To File Under Section 6651(a)(1)

A taxpayer who fails to file a return is subject to an addition to tax in the amount of 5 percent of the tax for each month or fraction of a month during which the failure continues, not to exceed 25 percent in the aggregate.  Sec. 6651(a)(1). Respondent met the burden of production by producing Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, showing that petitioners filed their 2005 Federal income tax return on December 11, 2006.  See Davis v. Commissioner, 115 T.C. 35 (2000) (Form 4340 provides presumptive evidence that a tax has been validly assessed).

A taxpayer will not be liable for an addition to tax under section 6651(a)(1) if the taxpayer can show that the failure to file was due to reasonable cause and not due to willful neglect. United States v. Boyle, 469 U.S. 241, 245-246 (1985).  Reasonable cause exists when a taxpayer exercises ordinary business care and prudence and is nonetheless unable to file his return by the date prescribed by law.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 245.

Petitioners contend that Mr. McKenna's substance abuse and mental health issues constitute reasonable cause.  This Court has

held that drug and alcohol abuse and mental incapacity are not necessarily reasonable cause to relieve the taxpayer of liability for the failure to file addition to tax. Hazel v. Commissioner, T.C. Memo. 2008-134; Tamberella v. Commissioner, T.C. Memo. 2004-47, affd. 139 Fed. Appx. 319, 321 (2d Cir. 2005). In Hazel and Tamberella, the Court looked to testimony from witnesses, besides the self-serving testimony of the taxpayer, to determine the degree of the taxpayer's mental incapacity. The Court also sought to decide whether the taxpayer was capable of continuing or managing his personal business and affairs and whether the taxpayer provided any documents buttressing the taxpayer's position.

Mr. McKenna testified credibly regarding his substance abuse and mental health issues, stating these issues caused his employment problems. However, at no time did he assert he was unable to carry on responsibilities related to the household finances, including preparing and filing Federal income tax returns and paying the balances shown on the returns.

Ms. McKenna, in her testimony, mentioned her daughter's and her own mental health issues, but she did not expound on this statement or corroborate Mr. McKenna's mental incapacity.

Mr. McKenna was in charge of his family's finances during 2005. He paid the rent and the other household bills. These

actions indicate Mr. McKenna's ability to sufficiently manage the family's household finances.

This Court has held that time spent in a drug and alcohol treatment center that overlaps with the statutory deadline for filing a tax return is reasonable cause for failure to file such a return. Harbour v. Commissioner, T.C. Memo. 1991-532. Petitioners offered no testimony or documentary evidence indicating that Mr. McKenna was hospitalized for his mental health or substance abuse problems at the time petitioners' 2005 Federal income tax return was due. It is important to note that the taxpayer in Harbour was found to have proven reasonable cause, not because he was mentally incapacitated, but because he was physically incapacitated by his stay in the treatment center.

Mr. McKenna did provide one other piece of evidence concerning his mental state, a letter from David L. Speights, Ph.D. The letter describes Mr. McKenna's inability to participate appropriately in social or occupational settings where interaction with coworkers is necessary. Dr. Speights also stated that Mr. McKenna has superior intelligence and can perform highly technical tasks, as long as they require "little interaction with colleagues."

The act of timely filing one's Federal income tax returns fits into neither a social nor an occupational context, which is where Dr. Speights explains that Mr. McKenna has the most

difficulty.  Mr. McKenna's social awkwardness does not diminish his intellectual capacity, as Dr. Speights noted in his letter. The letter does not support petitioners' premise that Mr. McKenna could not timely file the couple's Federal income tax return.

Additionally, Ms. McKenna herself could have but did not timely file petitioners' joint 2005 tax return.  She testified that she was working full time in 2005 and that Mr. McKenna took care of the couple's income tax return responsibilities.  The incapacity of one taxpayer is not an excuse for the other taxpayer on a joint return not to timely file the return. Fambrough v. Commissioner, T.C. Memo. 1990-104 (taxpayer could not rely on tending to his wife's and brother's illnesses as reasonable cause for failure to file his Federal income tax returns because he was not personally incapacitated).

Although the Court is sympathetic to petitioners' mental health issues, petitioners have failed to establish that they had reasonable cause for their failure to timely file their joint Federal income tax return for 2005.  See Higbee v. Commissioner, 116 T.C. at 446-447; Hazel v. Commissioner, supra.  Therefore, petitioners are liable for the addition to tax for failure to file, and respondent did not abuse his discretion in declining to abate the addition to tax for late filing of the 2005 Federal income tax return.

B. <u>Failure To Pay Income Tax Under Section 6651(a)(2)</u>

A taxpayer is liable for an addition to tax if he fails to pay the amount shown as tax on any return specified in section 6651(a)(1). Sec. 6651(a)(2); <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 170 (2003). The amount added to the tax is 0.5 percent for each month or fraction of a month during which the failure continues, not to exceed 25 percent of the tax in the aggregate. Sec. 6651(a)(2). If the taxpayer can show that the failure to pay the tax was due to reasonable cause and not wilful neglect, no amount will be added to the tax shown on his return. <u>Id.</u>

Form 4340 shows that petitioners filed their 2005 Federal income tax return on December 11, 2006, the IRS assessed the balance due of $5,143, and petitioners did not pay the tax. Therefore, respondent met his burden of production pertaining to the addition to tax for failure to pay the amount shown as tax on a Federal income tax return.

The test for reasonable cause for failure to pay is the same as the test for reasonable cause for failure to file. As discussed above, petitioners have not established that they had reasonable cause for filing their 2005 Federal income tax return late or for paying their 2005 balance late. Therefore, petitioners are liable for the addition to tax for failure to pay the tax shown on the 2005 return, and respondent did not abuse his discretion in not abating this addition to tax.

C.  Failure To Pay Estimated Tax Under Section 6654

A taxpayer who is either self-employed or an independent contractor is liable for an addition to tax for failure to pay estimated income tax.  Sec. 6654(a).  The Code requires a taxpayer with adjusted gross income of less than $150,000 to make estimated payments in the lesser of 90 percent of the tax due for the current year or 100 percent of the tax shown on the return for the preceding year.  Sec. 6654(d)(1)(B).  Petitioners are subject to section 6654 because of Ms. McKenna's income from working as an independent contractor for Dr. Leonard's.  She testified that Dr. Leonard's did not withhold taxes and that it was her responsibility to do so.

Respondent established that petitioners made no estimated tax payments for 2005 and that petitioners had a balance due of $5,143.  Respondent also provided a Form 4340 showing that petitioners had a Federal income tax liability of $13,602 for 2004.  Therefore, respondent met his burden of production for the addition to tax for failure to pay estimated income tax.  See Wheeler v. Commissioner, 127 T.C. 200, 211 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

Reasonable cause is not a defense for an underpayment of estimated tax.  Sec. 1.6654-1(a)(1), Income Tax Regs. Nonetheless, section 6654(e) sets forth three exceptions where the addition to tax will not be imposed:  (1) Where the tax due

is less than $1,000; (2) where no liability existed for the prior year; or (3) where the Secretary determines that imposition of the tax would be against equity and good conscience due to unusual circumstances or for taxpayers who are disabled or are at least age 62 and newly retired.

The record indicates that in 2005 petitioners were younger than age 62. Petitioners testified as to their physical and mental health issues but did not provide corroborating evidence showing that the severity of their difficulties warranted respondent's refraining under section 6654(e) from imposing the addition. Moreover, petitioners provided no information regarding the mental health issues of Ms. McKenna, whose work as an independent contractor generated the estimated tax liability. She worked full time, indicating that she had the mental capacity to ensure that her estimated taxes were paid.

Thus, for the foregoing reasons, petitioners are liable for the addition to tax for failure to pay estimated tax, and respondent did not abuse his discretion in imposing the addition to tax for failure to pay estimated tax.

IV. <u>Conclusion</u>

Reviewing the record as a whole, we find that petitioners are liable for the three additions to tax for 2005 under sections 6651(a)(1) and (2) and 6654(a) and that respondent did not abuse

his discretion in denying petitioners' request for abatement of the additions to tax or in upholding the levy action.

The Court has considered all arguments made in reaching our decision, and to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.